UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE


James L. Roudabush, Jr.            :
                                   :       CIV. ACTION NO. 15-4233(RMB)
         Plaintiff,                :
                                   :
                                   :
     v.                            :          MEMORANDUM AND ORDER
                                   :
                                   :
Lt. McKool et al.,                 :
                                   :
         Defendants.               :


**RENÉE MARIE BUMB**, U.S. District Judge

I.   BACKGROUND

     Plaintiff, a prisoner confined at FCI Fort Dix, submitted an

application to proceed without prepayment of fees (in forma pauperis)

and a civil rights complaint to the U.S. District Court, District

of Columbia. (ECF No. 5.) In his Complaint, Plaintiff asserted two

claims, each with subparts. (Compl., ECF No. 1). First, Plaintiff

alleged Defendants violated his Fourteenth Amendment liberty

interest and the Privileges and Immunities Clause by placing him in

the special housing unit at FCI-Fort Dix on two occasions, November

7, 2013 in protective custody, and February 21, 2015 in

administrative detention, without a hearing. (ECF No. 1 at 2-3.)

In the second part of this claim, Plaintiff alleged the conditions of confinement in the special housing unit at FCI-Fort Dix violated due process because the following conditions presented an atypical and a significant hardship: counselors only visit once a week; administrative remedy forms are provided only once a week; only three sheets of paper and envelopes are allowed once a week; request slips are only provided once a week; a lieutenant does not visit the cells daily on each shift; although medical personnel make daily rounds, it takes weeks to see a P.A. or doctor or receive emergency treatment; exposure to extreme temperatures; no blankets; only provided two books; denied all personal property for thirty days; denied a watch; denied drink powder; personal hygiene items are destroyed and must be replaced by prisoner; inmates in protective custody are not allowed visitors; only one phone call allowed every thirty days; no programs or activities are allowed; it takes up to thirty days to access a law library computer; legal and special mail may only be mailed once a week; housing in the "SHU" is done on a discriminatory basis without a valid penological interest, and in violation of Plaintiff's right to freedom of association; the cells are overcrowded; these conditions violate F-BOP rules and regulations and Plaintiff's rights under the Fifth, Eighth, Ninth and Fourteenth Amendments. (ECF No. 3-6.)

In his second claim, Plaintiff alleged that on June 19, 2014, C.O. Koeppen refused Plaintiff's request to attend church services and denied him the right to treatment and evaluation for chest and arm pain. When another C.O. called for Plaintiff to receive medical attention, P.A. Gibbs left Plaintiff lying on the floor for over 45 minutes without checking him.  Wen Plaintiff was evaluated, his blood pressure was high, and his medical records reflected that he had a blood pressure issue. These actions by Gibbs and Koeppen were in retaliation for Plaintiff's letters of complaints and lawsuits. Plaintiff alleged this conduct violated his rights under the First, Fifth, Eighth, Ninth and Fourteenth Amendments. (ECF No. 1 at 8.) Plaintiff seeks monetary damages and injunctive relief. (Id. at 9.)

This case was transferred to this Court from the U.S. District Court, District of Columbia on June 23, 2015, without a determination of whether Plaintiff should be allowed to proceed without prepayment of fees (in forma pauperis). (ECF No. 4 at 1.)

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action without payment of the filing fee. Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, indicating that the prisoner is unable to

3

pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a *certified* copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2) (emphasis added). A certified inmate trust fund account statement is signed by a prison official. See e.g. Tyson v. Youth Ventures L.L.C., 42 F. App'x 221 (10th Cir. 2002); Niblack v. Community Educ. Centers, Inc., Civ. Action No. 08-4107(FSH), 2009 WL 704142, at *1 (D.N.J. Mar. 16, 2009) (IFP application was incomplete because it did not contain signed certification from an authorized officer of the institution.)

Here, Plaintiff submitted an affidavit of poverty and a report showing deposits to his prison trust account statement for six months. (ECF Nos. 2, 3.) Even if the report submitted is the institutional equivalent of a prison trust account statement, it was not certified by a prison official, as required by § 1915(a)(2). Therefore, this case will be administratively terminated.

The PLRA also created a provision that if the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); See

Ball v. Famiglio, 726 F.3d 448, 456-66 (3d Cir. 2013) (discussing three strikes provision). Plaintiff appears to have at least three strikes under this provision. Plaintiff acquired three strikes in the following cases: Roudabush v. United States, 11cv980(SDW-MCA) (D.N.J. July 14, 2011 and July 13, 2012) (all defendants dismissed for failure to state a claim upon which relief may be granted); Roudabush v. Johnson, 11cv7444(RMB) (D.N.J. Aug. 16, 2012) (dismissed for failure to state a claim); and Roudabush v. Johnson, No. Civ.A. 705CV00691, 2006 WL 270020, at *2 n.3 (W.D. Va. Feb. 3, 2006) (all claims dismissed as frivolous and/or failure to state a claim). In each of these cases, the time period for appeal has expired.

The Court also finds that Plaintiff's complaint does not establish that he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g) (providing exception to three strikes provision of PLRA). The alleged misconduct by defendants in refusing to provide medical treatment when Plaintiff passed out in the SHU occurred more than a year before Plaintiff filed the present complaint and, therefore, does not present an imminent danger of serious physical injury to Plaintiff. See Ball, 726 F.3d at 467 ("'By using the term 'imminent,' Congress indicated that it wanted to ... prevent impending harms, not those harms that had already occurred'")

5

(quoting Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)).

The temperature extremes and other physical conditions of confinement in the SHU no longer present a threat of physical injury to Plaintiff because he was released from the SHU before he filed the present complaint.

THEREFORE, it is on this **30th** day of **June 2015**;

**ORDERED** that Plaintiff's request to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs") (citations omitted); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court in writing addressed to the Clerk of the Court, [Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets,

Camden, NJ 08101], within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, including a *certified* (signed by an authorized prison official) six-month prison trust account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and (3) a writing explaining why Plaintiff should be allowed to proceed despite his three strikes under 28 U.S.C. § 1915(g); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application including a certified prison trust account statement or payment of the filing and administrative fees within the time allotted by this Court, and a writing establishing that Plaintiff should be allowed to proceed in forma pauperis despite having three strikes under 28 § 1915(g), the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order and a blank form "Affidavit of Poverty and Account Certification (Civil Rights)"[DNJ-Pro Se-007-A-(Rev.05-2013] upon Plaintiff by regular U.S. mail.

7

S/RENEE MARIE BUMB
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**