**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **James L. Roudabush, Jr.** | : | |
| | : | CIV. ACTION NO. 15-4233(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| Lt. McKool et al., | : | **APPLIES TO BOTH ACTIONS** |
| | : | |
| Defendants. | : | |
| **James L. Roudabush, Jr.** | : | |
| | : | CIV. ACTION NO. 15-4234(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| C. Dynan et al., | : | |
| | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

These cases were transferred from the U.S. District Court, District of Columbia on June 23, 2015, without a determination of whether Plaintiff should be allowed to proceed without prepayment of fees (in forma pauperis ("IFP")) under 28 U.S.C. § 1915. At the time the cases were transferred, Plaintiff was incarcerated at FCI

1

Fort Dix, in Fort Dix, New Jersey. On June 30, 2015, this Court denied Plaintiff's IFP applications without prejudice and terminated these cases, allowing Plaintiff 30 days to correct the deficiencies in his IFP applications and reopen these matters.

On January 21, 2016, this Court denied Plaintiff's first motions to file out of time because his second IFP applications suffered from the same defects as his first IFP applications, they did not include a certified inmate trust fund account statement. Now before the Court are Plaintiff's second motions to file out of time his third IFP applications. Plaintiff's third IFP applications lack a certified copy of his inmate trust fund account statement. See 28 U.S.C. § 1915(a)(2) (prisoner must submit a *certified* copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint) (emphasis added).

Plaintiff asserts that he requested a certified prison trust fund account statement from FCI-Butner but he was refused. Before the Court excuses Plaintiff's failure to comply with the statute,[1] the Court will require Plaintiff to file an affidavit that describes when he requested a certified prison trust fund account statement,

---

[1] The Court also notes that Plaintiff has three strikes under 28 U.S.C. § 1915(g), and may only proceed in forma pauperis if he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). See Roudabush v. Bittinger, Civ. Action No. 15-3185 (RMB), 2015 WL 4616869 (D.N.J. July 31, 2015) (identifying three strikes).

from whom he requested the statement, the steps he took in following through with the request, the person who denied his request, and the reason given. See Bragg v. Cohen, Civ. No. 15-7006 (NLH), 2015 WL 5853950 (D.N.J. Oct. 2, 2015) (requiring affidavit explaining circumstances of failure to provide inmate trust fund account statement); Jordan v. Hastings, Civ. Action No. 12-2424 (PGS), 2012 WL 1600429 (D.N.J. May 2, 2012) (same).

    THEREFORE, it is on this **22nd** day of **March 2016**;

    **ORDERED** that the Clerk of Court shall reopen these matters for disposition of Plaintiff's motions to file out of time; and it is further

    **ORDERED** that Plaintiff's motions to file out of time (ECF No. 20, 15cv4233 (RMB) and ECF No. 20, 15cv4234 (RMB)) are DENIED; and it is further

    **ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail; and it is further

    **ORDERED** that the Clerk of Court shall administratively terminate these matters, subject to reopening if, within thirty days of the date of this Order, Plaintiff renews his motions to file out of time and submits a properly completed IFP application, under 28 U.S.C. § 1915(a) in each matter, or an affidavit explaining in detail

his requests for a certified inmate trust fund account statement and the denial of his requests).

                                                    s/Renée Marie Bumb
                                                    **RENÉE MARIE BUMB**
                                                    **UNITED STATES DISTRICT JUDGE**